IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-591-RJ

| | |
|---|---|
| H/S WILSON OUTPARCELS, LLC, ) | |
| ) | |
| Plaintiff/Counter Defendant, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| KROGER LIMITED PARTNERSHIP I, ) | |
| ) | |
| Defendant/Counter Claimant. ) | |

This matter is before the court on the motions of H/S Wilson Outparcels, LLC ("Plaintiff" or "H/S Wilson") to reopen discovery [DE-63] and to compel supplemental responses to discovery requests [DE-64]. Kroger Limited Partnership I ("Defendant" or "Kroger") filed a response in opposition to the motions [DE-67], and no replies were permitted. The parties further supplemented the record, pursuant to the court's March 9, 2018 order. [DE-68, -70]. Accordingly, the motions are ripe for decision. For the reasons that follow, the motion to reopen discovery is allowed in part and denied in part and the motion to compel is denied.

## I. BACKGROUND

H/S Wilson leased property to Kroger on which a grocery store was constructed and operated until June 24, 2004. Kroger was obligated to continue maintaining the property as required by the lease even after the store closed. In 2011, the store's roof sustained damage from a storm. Kroger, after a period of delay, ultimately made some repairs to the roof, but H/S Wilson believed those repairs were inadequate and resulted in active roof leaks, standing water,

and excessive mold growth. As a result, H/S Wilson initiated the instant litigation, asserting claims against Kroger for breach of contract and waste, seeking specific performance, monetary damages, and attorney's fees. Kroger asserted a counterclaim for breach of contract. [DE-11, -53].

Under the initial Case Management Order, discovery was due to be completed by September 30, 2016. [DE-14]. On October 19, 2016, the court allowed in part Plaintiff's motion to extend discovery, specifically providing 45 days to complete certain limited discovery. [DE-33]. On September 27, 2017, the court allowed in part and denied in part Defendant's motion for summary judgment and referred the case for court-hosted settlement. [DE-53]. The parties engaged in mediation on December 12, 2017, but failed to reach a settlement agreement. [DE-58]. On January 7, 2018, the parties moved for a discovery conference related to the issues raised in the instant motions. [DE-60]. On January 9, 2018, the parties at the direction of the court filed proposed trial dates and indicated they remained engaged in settlement discussions and had moved closer to settlement. [DE-61]. At a January 11, 2018 scheduling and status conference, the court heard argument regarding the discovery dispute and directed the parties to brief the issues. [DE-62]. The parties further supplemented the record, pursuant to the court's March 9, 2018 order. [DE-68, -70].

## II. ANALYSIS

### A. Motion to Compel [DE-64]

H/S Wilson seeks to compel Kroger to produce information and documents related to a Nuclear Moisture Scan (the "scan") of the store's roof obtained by Kroger in November 2016. [DE-64] at 1–2. H/S Wilson contends that this information should have been produced in supplementation, pursuant to Fed. R. Civ. P. 26(e)(1)(A), of Kroger's responses to H/S/ Wilson's

March 14, 2016 and September 23, 2016 interrogatories and requests for production. *Id.* at 2; [DE-65] at 3–4. H/S Wilson also asserts that Kroger's December 8, 2017 privilege log related to the scan was substantively insufficient and untimely, and that the scan was obtained not for purposes of litigation but rather in due diligence of Kroger's ongoing lease obligation. [DE-65] at 3–4. Defendant objects to producing the results of the scan, asserting that H/S Wilson's discovery requests do not capture the information sought because their scope is limited to a time prior to when the scan was conducted, the scan was performed for trial preparation by a consulting expert not expected to testify and is protected from disclosure pursuant to Fed. R. Civ. P. 26(b)(4)(D), and H/S Wilson has failed to show the requisite "exceptional circumstances" to obtain such protected discovery. [DE-67] at 2–9.

First the court must determine whether the scan falls within the scope of H/S Wilson's discovery requests. Kroger argues that H/S Wilson's March 14, 2016 and September 23, 2016 interrogatories and requests for production were "backward looking" and, thus, did not encompass the November 2016 scan. [DE-67] at 7–8 (citing Pl.'s Interrogs. No. 1, which sought the identity of anyone who performed work on the premises "in the last ten years" or "in the last eighteen (18) months"). Other interrogatories, however, are not so limited in scope. Specifically, in H/S Wilson's March 14, 2016 interrogatories, Kroger was asked to "[i]dentify any reports which were generated by Defendant or on Defendant's behalf which describe the condition of the Demised Premises," and to "[i]dentify any expert witness retained by or consulted by Defendant regarding the Demised Premises." Pl.'s Interrog. Nos. 8 & 9 [DE-68-1] at 6. Plaintiffs also sought "all documents referenced in [Defendant's] responses to any of the above interrogatories." Pl.'s RFP No. 2 [DE-68-1] at 7. These requests contain no temporal

3

restriction and would encompass the requested information, thus triggering Kroger's obligation to supplement its discovery responses pursuant to Fed. R. Civ. P. 26(e)(1)(A).

Next, the court must consider whether the scan is protected as non-testifying expert trial-preparation material pursuant to Fed. R. Civ. P. 26(b)(4)(D). The scope of expert discovery is governed by Fed. R. Civ. P. 26(b)(4). The rule differentiates between testifying and non-testifying experts, and generally protects from disclosure "facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D). "Allowing routine discovery as to [nontestifying experts] would tend to deter thorough preparation of the case and reward those whose adversaries were most enterprising." 8A Wright & Miller, Federal Practice and Procedure, Civil § 2032 (3d ed.) (citing *Moore U.S.A. Inc. v. Standard Register Co.*, 206 F.R.D. 72 (W.D.N.Y. 2001) ("The rule is intended to allow litigants to consult experts in order to evaluate a claim without fear that every consultation may yield grist for the adversary's mill.")). However, such information will be discoverable upon a showing of "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D)(ii). The party resisting production bears the burden of demonstrating the information sought is entitled to protection under Fed. R. Civ. P. 26(b)(4)(D), and the party seeking disclosure bears the "heavy burden" of demonstrating "exceptional circumstances" to justify discovery of any protected information. *See McBeath v. Tucson Tamale Co.*, No. CV-16-00462-TUC-DCB (BPV), 2017 WL 3118779, at *6 (D. Ariz. July 21, 2017) (citations omitted).

Kroger argues that the scan was performed for trial preparation by a consulting expert not expected to testify and, thus, is protected from disclosure pursuant to Fed. R. Civ. P. 26(b)(4)(D).

4

[DE-67] at 2–4. At the court's request, Kroger submitted for *in camera* review evidence in the form of an affidavit to support its assertion that the scan was protected trial preparation material. [DE-70]. Having reviewed the affidavit, the court finds that Kroger has met its burden to establish that the scan and related information are protected as "facts known or opinions held by an expert who has been retained or specially employed by another party . . . to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(D). Furthermore, H/S Wilson has failed to show the requisite "exceptional circumstances under which it is impracticable for the party to obtain facts or opinion on the same subject by other means," Fed. R. Civ. P. 26(b)(4)(D)(ii), in order to obtain such protected material.

Courts have found exceptional circumstances where "the object or condition observed by the non-testifying expert is no longer observable by an expert of the party seeking discovery," *Disidore v. Mail Contractors of Am., Inc.*, 196 F.R.D. 410, 417 (D. Kan. 2000) (citation omitted), or "there are no other available experts in the same field or subject area," *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 128 F. Supp. 2d 1148, 1152 (N.D. Ill. 2001). H/S Wilson relies on the first situation, arguing that the change in conditions since Kroger obtained the scan makes it impracticable for H/S Wilson to now obtain the same information. [DE-65] at 8. However, the circumstances presented here are readily distinguishable from those where courts have applied this exception. In *Disidore*, 196 F.R.D. at 417, the court described the types of circumstances warranting application of the exception, to wit: "a cigarette product liability case where the plaintiff's expert destroyed lung tissue during testing, making it impossible for the defendant to conduct its own tests or to replicate the plaintiff's expert's results," *see Braun v. Lorillard, Inc.*, 84 F.3d 230, 236 (7th Cir.1996); "an action involving a mudslide where the defendant's expert had examined the site immediately after the mudslide [and] [b]y the time the

5

opposing party's expert was able to conduct a site investigation, five days had elapsed and the site conditions had changed considerably due to changes in temperature and human activity in and around the site," *see Delcastor, Inc. v. Vail Ass'n*, 108 F.R.D. 405, 409 (D. Colo. 1985); "an allegedly defective roof was replaced after a party's expert had examined the roof but before the opposing party's expert could examine it," *see MacDonald Sprague Roofing Co. v. USM Weather-Shield Sys. Co.*, No. 81-1329-N, 1983 WL 474980, at *1 (D. Mass. 1983); and "a ruptured sewer pipe was excavated and the plaintiff refused to allow the presence of defendant's expert, despite having experts of its own present [and] [a]fter the excavation was completed, new pipe was installed and blacktop was placed over the area," *see Sanford Constr. Co. v. Kaiser Aluminum & Chemical Sales, Inc.*, 45 F.R.D. 465, 466 (E.D. Ky. 1968). Here, nothing of the sort described above prevented H/S Wilson from consulting an expert and obtaining a scan of the roof during the discovery period, rather it simply chose not to do so. Thus, it would be unfair to allow H/S Wilson to benefit from Kroger's protected work obtained through its non-testifying consulting expert in preparation for trial. *See Spearman Indus., Inc.*, 128 F. Supp. 2d at 1152 (precluding defendant from presenting testimony of a roof expert consulted by plaintiff in anticipation of litigation, because defendant failed to show exceptional circumstances, e.g., "that an alteration of the roof prevented it from obtaining necessary information about the condition of the roof, or that there are no other available experts in the same field or subject area," and defendant had "ample opportunity to conduct whatever investigations it desired").

Next, having found the scan qualifies for protection under Fed. R. Civ. P. 26(b)(4)(D), the court considers whether Kroger timely and sufficiently asserted its claim that the scan was protected trial-preparation material. Under Fed. R. Civ. P. 26(b)(5)(A), a party withholding otherwise discoverable information under a claim that it is trial-preparation material must "(i)

6

expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Kroger did not disclose the scan on a privilege log for more than a year after it was conducted and only after counsel for Plaintiff became aware of the scan and inquired about obtaining a copy. [DE-65] at 1–2; [DE-68-4]. While the failure to timely claim a privilege or other protection may result in waiver, the court finds the circumstances here do not warrant such a harsh result. *See Babbs v. Block*, No. 4:15-CV-0194-DGK, 2017 WL 1628959, at *5 (W.D. Mo. May 1, 2017) ("A party's delay or outright failure to provide a privilege log can waive the privilege, but does not waive it automatically.") (collecting cases). "Where a party has made what appears to be a legitimate invocation of a privilege, but failed to provide a privilege log in a timely fashion, the court typically orders the party to produce one." *Id.* Kroger ultimately claimed a valid protection under Fed. R. Civ. P. 26(b)(4)(D) and, although belatedly, provided a privilege log, and any lack of specificity on the privilege log was remedied by Kroger's *in camera* submission, which allowed the court to evaluate the claim. *See Williams v. Bridgeport Music, Inc.*, 300 F.R.D. 120, 124 (S.D.N.Y. 2014) (finding the "[p]laintiffs' objection over the substance of the privilege log also does not compel a finding of waiver" where the discovery sought was "not permitted under Rule 26(b)(4)(D)," which "has been sufficient in the past to deny a finding of waiver even when a privilege log was not produced."); *Billips v. N.C. Benco Steel, Inc.*, No. 5:10-CV-095-RLV-DCK, 2011 WL 34416, at *5 (W.D.N.C. Aug. 8, 2011) ("[T]he imposition of discovery sanctions is generally within the sound discretion of the trial court.") (internal citations and quotation omitted). Accordingly, the court finds Kroger

expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). Kroger did not disclose the scan on a privilege log for more than a year after it was conducted and only after counsel for Plaintiff became aware of the scan and inquired about obtaining a copy. [DE-65] at 1–2; [DE-68-4]. While the failure to timely claim a privilege or other protection may result in waiver, the court finds the circumstances here do not warrant such a harsh result. *See Babbs v. Block*, No. 4:15-CV-0194-DGK, 2017 WL 1628959, at *5 (W.D. Mo. May 1, 2017) ("A party's delay or outright failure to provide a privilege log can waive the privilege, but does not waive it automatically.") (collecting cases). "Where a party has made what appears to be a legitimate invocation of a privilege, but failed to provide a privilege log in a timely fashion, the court typically orders the party to produce one." *Id.* Kroger ultimately claimed a valid protection under Fed. R. Civ. P. 26(b)(4)(D) and, although belatedly, provided a privilege log, and any lack of specificity on the privilege log was remedied by Kroger's *in camera* submission, which allowed the court to evaluate the claim. *See Williams v. Bridgeport Music, Inc.*, 300 F.R.D. 120, 124 (S.D.N.Y. 2014) (finding the "[p]laintiffs' objection over the substance of the privilege log also does not compel a finding of waiver" where the discovery sought was "not permitted under Rule 26(b)(4)(D)," which "has been sufficient in the past to deny a finding of waiver even when a privilege log was not produced."); *Billips v. N.C. Benco Steel, Inc.*, No. 5:10-CV-095-RLV-DCK, 2011 WL 34416, at *5 (W.D.N.C. Aug. 8, 2011) ("[T]he imposition of discovery sanctions is generally within the sound discretion of the trial court.") (internal citations and quotation omitted). Accordingly, the court finds Kroger

properly withheld the scan pursuant to Rule 26(b)(4)(D), sanctions are not appropriate, and the motion to compel is denied.

**B.      Motion to Reopen Discovery [DE-63]**

H/S Wilson moves to reopen discovery for the following limited purposes: (1) to designate a Nuclear Moisture Scan expert and to conduct a scan for purposes of rebutting any such evidence offered by Kroger; (2) to allow depositions of the parties' Nuclear Moisture Scan experts; (3) to allow H/S Wilson to depose Kroger's roof expert, Fred Hash, for the limited purpose of examining the basis of his expert opinion from the November 2, 2017 Simon Roofing Report and asserted costs of repair related therein; (4) to allow H/S Wilson to depose James Cope regarding his preparation of the November 2, 2017 Simon Roofing Report; and (5) to allow H/S Wilson to designate an expert as to the cost of roof repair to rebut the expert opinion of Hash that is based on the November 2, 2017 Simon Roofing Report. [DE-63] at 5–6.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry does not focus on the prejudice to the non-movant or bad faith of the moving party, but rather on the moving party's diligence. *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997); *see also Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) ("'Good cause' requires 'the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence,' and whatever other factors are also considered, 'the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule.'") (quoting 6A Wright & Miller, Federal Practice and Procedure § 1522.2 (3d ed. 2010)); *McDonald v. Marlboro Cty.*, No. 5:12-CV-

8

1725-RBH-KDW, 2013 WL 6580631, at *4 (D.S.C. Dec. 16, 2013) ("[T]he key to the 'good cause' analysis of Rule 16 is whether the party was diligent in seeking to amend."); Fed. R. Civ. P. 16(b), advisory committee's note (1983 amendment) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). Relevant factors in considering specifically whether to reopen discovery are "(1) is the trial imminent; (2) is the request opposed; (3) would the non-moving party be prejudiced; (4) was the moving party diligent during the discovery period; (5) was the request foreseeable based upon the time line set forth by the court; and (6) will the new evidence be relevant to the stated inquiry." *Chester v. Adams Auto Wash, Inc.*, No. 5:13-CV-75-FL, 2015 WL 9222893, at *2 (E.D.N.C. Dec. 17, 2015) (citations omitted). "The court 'has wide latitude in controlling discovery and . . . [t]he latitude given the district court extends as well to the manner in which it orders the course and scope of discovery." *Id.* (quoting *Ardrey v. United Parcel Service*, 798 F.3d 679, 682 (4th Cir. 1986) (collecting cases)). The party moving to modify a scheduling order bears the burden of demonstrating the existence of good cause. *United States v. Cochran*, No. 4:12-CV-220-FL, 2014 WL 347426, at *2 (E.D.N.C. Jan. 30, 2014) (citing *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008)); *see also Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) ("[T]he scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'") (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

H/S Wilson has shown good cause to allow its deposition of Kroger's roof expert Fred Hash for the limited purpose of examining him regarding the November 2, 2017 Simon Roofing Report. Kroger does not oppose this aspect of the motion, H/S Wilson was not dilatory in seeking to depose Hash after it received his expert opinion, and it would be prejudicial to H/S

9

Wilson if it did not have the opportunity to depose Hash, who will testify at trial. The court also finds good cause to allow H/S Wilson to depose James Cope, the Simon Roofing employee who performed the inspection upon which Hash's report is based, regarding the November 2, 2017 Simon Roofing Report. Although Kroger opposes allowing Cope to be deposed, his deposition is likely to yield relevant evidence as he performed the roof inspection on which Hash's report is based, and there is no lack of diligence on the part of H/S Wilson.

With respect to the remaining requests, the court finds no good cause to reopen discovery. H/S Wilson had an opportunity to designate an expert as to the cost of roof repair under the Case Management Order [DE-14] and failed to do so. H/S Wilson did not seek leave to designate an expert in response to Hash's September 2015 report that was produced when he was designated as an expert in July 2016, and has failed to demonstrate that Hash's supplemental report differs from the initial report in such a way that Plaintiff should now be allowed to designate an expert to rebut Hash's supplemental report. Likewise, the court finds no good cause to allow H/S Wilson to designate a Nuclear Moisture Scan expert and to conduct a scan for purposes of rebutting any such evidence offered by Kroger. As explained above, Kroger's non-testifying consulting expert conducted the scan and it will not be offered as evidence at trial. H/S Wilson was not diligent in obtaining an expert or conducting a scan when it had the opportunity and cannot at the eleventh hour pursue a different litigation strategy that would upend the Case Management Order, prejudice Kroger, and interfere with the efficient administration of justice. This case is more than three years old, discovery closed on September 30, 2016 [DE-14] (but for a limited extension not relevant here [DE-33]), dispositive motions have been filed and ruled on, and the case is ready for trial. Although the trial date has not been finalized, the parties have proposed feasible dates in May, and allowing further discovery and the designation of new

10

experts would cause both a lengthy delay of this long-pending case and additional costs that would prejudice Kroger, who does not consent to the motion. While the information sought would be relevant to the issues at trial, the balance of factors weighs against allowing this additional fact and expert discovery. *See Chester*, 2015 WL 9222893, at *2 ("Whether to reopen discovery is within the discretion of the court.") (citations omitted). Accordingly, H/S Wilson's motion is allowed with respect to deposing Hash and Cope regarding the November 2, 2017 Simon Roofing Report, and the motion is denied as to the remaining requests. The parties shall have until **April 18, 2018** to complete the depositions.

### III. CONCLUSION

For the reasons stated above, the motion to reopen discovery [DE-63] is allowed in part and denied in part and the motion to compel [DE-64] is denied.

A telephonic scheduling and status conference (Dial-in Number: 888-557-8511, Access Code: 8673312) will be held on **Monday, April 2, 2018 at 1:30 p.m.** to finalize scheduling of the pretrial deadlines and trial of this matter.

SO ORDERED, the 28th day of March 2018.

Robert B. Jones, Jr.
United States Magistrate Judge